In the Matter of the Application of JOSEPH LEWIS, Petitioner, for a Peremptory Mandamus Order against FRANK PIERREPONT GRAVES, Commissioner of Education of the State of New York, Respondent.

Supreme Court, Albany County, April, 1926.

Schools — religious instruction — act of board of education of city of White Plains in excusing pupils in public schools thereof for thirty minutes once each week for religious instruction does not violate State Constitution, art. 9, § 4 — Education Law, §§ 621, 623, permits absence not amounting to irregular attendance within fair meaning of term — determination of what constitutes excusable absence is discretionary with local boards of education and Commissioner of Education — Commissioner of Education only entitled to act when local education boards fail to act — peremptory mandamus only granted when right depends on question of law — act of board of education of city of White Plains in excusing children upon written request of their parents within power of board in exercise of judgment — application for peremptory mandamus against Commissioner of Education denied.

A regulation or practice of the board of education of the city of White Plains of excusing pupils in its public schools upon the written request of their parents for thirty minutes in the afternoon once a week for the purpose of attendance at centers of religious instruction provided by the churches of the various faiths and denominations in said city, does not violate section 4 of article 9 of the State Constitution, which prohibits the State or any subdivision thereof from using its property or credit or any public money in the aid of learning under the control of any religious denomination. The thing prohibited by the Constitution is the use of public property and money for the aforesaid purpose; where there is no such use, there can be no basis for any claim of constitutional violation.

The requirement of the Education Law (§ 621) for attendance of pupils during the entire term of the school year is not an arbitrary provision, but is qualified by the allowance of occasional absences not amounting to irregular attendance in the fair meaning of the term under rules prescribed by the board of education in the performance of its duties. (Education Law, § 623.) The determination of the question of what constitutes an excusable absence rests in the judgment and sound discretion of the local boards of education, subject to the supervision of the Commissioner of Education. But the Commissioner of Education may only enforce the provisions of the Education Law relating to compulsory attendance on the failure of local boards of education to enforce it, and then only after due notice to the city or district and after the city or district has had opportunity to be heard.

Supreme Court, April, 1926.          [Vol. 127

A peremptory mandamus order may be granted in the first instance where the applicant's right to the order depends only upon questions of law; mandamus does not lie to enforce the performance of an act which necessarily involves exercise of judgment or discretion.

Accordingly, petitioner, a resident of the village of Pelham Manor, is not entitled to a peremptory order of mandamus compelling the Commissioner of Education of the State to notify the superintendent of schools of the city of White Plains to discontinue the practice of excusing pupils in the public schools of said city upon the written request of their parents for thirty minutes in the afternoon of one day a week for the purpose of attendance at centers of religious instruction provided by the churches of all faiths and denominations, Catholic, Protestant and Jewish, in said city, since said regulation was an act within the power of the board in the exercise of its discretion and judgment, and comes within the provision of the statute permitting occasional absences not amounting to irregular attendance within the fair meaning of the term.

The Commissioner of Education in the exercise of his powers had no clear right to act contrary to said regulation and mandamus cannot issue since the action of the board was a lawful exercise of a discretionary power.

APPLICATION for a peremptory order of mandamus.

*John C. Mahon* [*Arthur Garfield Hays* and *Newman Levy* of counsel], for the petitioner.

*Frank B. Gilbert*, for the respondent.

*William R. Condit, Corporation Counsel of the City of White Plains; Davies, Auerbach & Cornell; Williamson & Bayles* and *Hughes, Rounds, Schurman & Dwight* [*Charles H. Tuttle, Pliny W. Williamson* and *George W. Schurman* of counsel], for Greater New York Federation of Churches and The New York State Sunday School Association.

*Humphrey J. Lynch*, for the General Committee on Week Day Religious Instruction of City of White Plains.

*Walter G. C. Otto*, for New Rochelle Council of Week Day Religious Instruction.

STALEY, J.   The board of education of the city of White Plains has adopted a regulation or practice of excusing pupils in its public schools, upon the written request of their parents, for thirty minutes in the afternoon of one day a week, for the purpose of attendance at centers of religious instruction provided by the churches of the various faiths and denominations in said city.

The arrangement is a voluntary one, initiated by the request of the parents which indicates the particular church where the parent desires his child to receive such instruction, and the churches of all faiths and denominations, Catholic, Protestant and Jewish, participate in affording the means for such instruction.

The petitioner, a resident of the village of Pelham Manor, applies

for a peremptory order of mandamus, commanding the respondent, as Commissioner of Education of the State of New York, to notify the superintendent of schools of White Plains to discontinue such regulation and practice, and also commanding said Commissioner to notify school officers of all districts and cities to discontinue such practice where now in force.

The respondent, as such superintendent, has the duty to " enforce all general and special laws relating to the educational system of the state " (Education Law, § 94, subd. 1) and to cause to be instituted such proceedings as may be necessary to properly enforce and give effect to any provision of law pertaining to the school system of the State.     (§ 96.)

City boards of education possess the power to prescribe necessary regulations for the general management, operation, control, maintenance and discipline of the schools, and of all other educational, social or recreational activities under its charge or discretion. (§ 868, subd. 9, as added by Laws of 1917, chap. 786.)

The Education Law, under the title of compulsory education, provides that instruction is required at public schools or elsewhere in certain specified subjects to be taught in English (§ 620, as amd. by Laws of 1921, chap. 386); that every child within the compulsory school age who resides in a city with the population of White Plains, " shall regularly attend upon instruction for the entire time during which the schools of such city or district are in session; " that the annual period for which any school shall be in session, shall not be less than 180 days of actual school (§ 621, as amd. by Laws of 1921, chap. 386); that instruction elsewhere than at a public school shall be at least substantially equivalent to the instruction given children of like age at a public school of the city or district in which such child resides; and that " occasional absences from such attendance, not amounting to irregular attendance in the fair meaning of the term, shall be allowed upon such excuses only as would be allowed in like cases by the general rules and practice of such public school." (§ 623, as amd. by Laws of 1917, chap. 563.)

The hour of opening and closing the schools is not fixed by law, but is subject to regulation by the board of education which is directed to maintain school sessions for at least 180 days, and to provide instruction in the enumerated subjects in English and to appoint attendance officers to enforce the compulsory education article, under the supervision of the superintendent of schools. (§ 632.)

The Commissioner of Education shall supervise the enforcement of the Compulsory Education Law, and he may withhold one-half of all public moneys from any city or district which, in his judgment

willfully omits and refuses to enforce the provisions of that law, after due notice, so often and so long as such willful omission and refusal shall in his judgment continue.   (§ 636.)

The petitioner asserts that the mandate of the statute requiring attendance upon instruction for the entire time during which the school shall be in session is absolute, and that the provisions of the Constitution and of the Education Law, supplemented by the decision in *Stein* v. *Brown* (125 Misc. 692), render it the positive duty of the State Commissioner to restrain, by the exercise of his power, the further continuance of the alleged unlawful practice and regulation of the board of education' of White Plains and all other boards permitting similar practice, and for his failure to do so a mandamus order should issue commanding him to so act.

The Constitution of the State of New York (Art. 9, § 4) provides as follows: " Neither the State nor any subdivision thereof, shall use its property or credit or any public money, or authorize or permit either to be used, directly or indirectly, in aid or maintenance, other than for examination or inspection, of any school or institution, of learning wholly or in part under the control or direction of any religious denomination, or in which any denominational tenet or doctrine is taught."

The facts in this case establish no violation of this constitutional prohibition. The mere excusing of pupils at the volition of their parents for a half hour period each week to attend religious instruction outside the school and at places unrelated to school activities, in the free exercise and enjoyment of their religious profession, does not constitute the use of public property, credit or money in aid of any institution of learning under the control of any religious denomination.

The thing prohibited by the Constitution is the use of public property and money for the designated purpose, and where there is no such use there is no basis for just claim of constitutional violation.

In that respect this proceeding differs materially from the facts in the Mount Vernon case (*Stein* v. *Brown, supra*), where public property was used for the printing of the excuse cards which were printed in the School of Industrial Arts, by the pupils therein, and that action was declared " unlawful and in violation of article IX, section 4, of the State Constitution."

The requirement of the Compulsory Education Law for attendance during the entire time during which public schools are in session is not an arbitrary provision but is qualified by the allowance of occasional absences not amounting to irregular attendance in the fair meaning of the term. These absences are permitted

by law upon excuses allowed by the general rules and practice of such school. These rules are prescribed by the board of education in the performance of their duties.

The determination of the question of what constitutes an excusable absence rests in the judgment and sound discretion of such boards, subject to the supervision of the Commissioner of Education. With the power of discretion existing in that regard, if it is lawfully exercised, is not abused, and does not amount to permitting irregular attendance in the fair meaning of that term, it is not for the petitioner nor the court to substitute their notions for those of the authorities who are vested by law with such power.

The State Commissioner of Education has the duty to supervise the enforcement of the Compulsory Education Law and the method of his enforcement is definitely stated in the statute. When it is not enforced by local boards, he is bound to act in the way the law directs him to act, and that direction is to withhold a portion of public school moneys from the city or district which willfully omits to enforce it. Such action, in a proper case, can only be taken by the Commissioner " after due notice " to the city or district, and that implies that the power of the Commissioner to order action or to penalize for inaction is one to be exercised after the city or district have had opportunity to be heard. This proceeding seeks to compel a wholesale order by the Commissioner without notice and without hearing.

In the performance of the duty of supervision of enforcement of compulsory education, the Commissioner must act, not only according to the procedure of the law, but must, as to the fact of violation and the character of violation, exercise a judgment under the law.

The intent and purpose of the Compulsory Education Law was to require instruction in the specific subjects for a school term of minimum school days, and enforce attendance, subject to the exceptions of the law, during the time schools shall be in session. If attendance is had for the required time subject to and within reasonable regulations of the school authorities, and instruction is adequately and appropriately given, there is a compliance with the law.

The child is not the mere creature of the State; those who nurture him and direct his destiny have the right, coupled with the high duty, to recognize and prepare him for additional obligations. (*Pierce* v. *Society of Sisters*, 268 U. S. 510.)

The board of White Plains or any school board and the Commissioner in their exercise of discretion in the determination that a rule, which accedes to the request of parents to excuse their

children thirty minutes a week for religious instruction, constitutes an absence not amounting to irregular attendance in the fair meaning of the term, may properly give consideration for their guidance and sound judgment to the utterance of the United States Supreme Court, above referred to, and to the appealing weight of the following propositions:

That the right of the parent to direct the training and nurture of the child is a fundamental right;

That the obligations of citizenship require the promotion of a spirit of patriotic and civic service and the fostering in children of moral as well as intellectual qualities;

That the religious conscience, conviction and accountability are the least dispensable foundations for good citizenship and real patriotism;

That moral growth and intellectual growth go hand in hand to make the essential elements of character and good citizenship;

That the right of the State to enforce school attendance does not mean that the mental and moral development of all children must be limited to a common mould, and that all children must be standardized;

That the regulation does not create a union between church and State, or teach any sectarianism in the schools or invade the religious freedom or conscience of any individual.

A peremptory mandamus order may be granted in the first instance where the applicant's right to the mandamus order depends only upon questions of law.    (Civ. Prac. Act, § 1319.)

Mandamus does not lie to enforce the performance of an act which necessarily involves the exercise of judgment or discretion.    (*People ex rel. Harris* v. *Commissioners*, 149 N. Y. 26; *People ex rel. Francis* v. *Common Council*, 78 id. 33.)

Mandamus does not lie to compel the performance of a duty which is not clearly and positively prescribed, nor to compel the exercise of discretion in a particular manner.

In the case of *Matter of Burr* v. *Voorhis* (229 N. Y. 382, 387) Judge COLLIN said: " The writ issues to compel the performance of official duty clearly imposed by law, where there is no other adequate specific remedy. The duty must be positive, not discretionary, and the right to its performance must be so clear as not to admit of reasonable doubt or controversy."

Courts cannot supervise every act of an executive public officer and direct him as to the details of his administration.    (*Matter of International Railway Co.* v. *Schwab*, 203 App. Div. 68; *People ex rel. Judge* v. *Hylan*, 200 id. 430; *People ex rel. Wooster* v. *Maher*, 141 N. Y. 330; *People ex rel. Clapp* v. *Listman*, 40 Misc. 372.)

In the latter case Mr. Justice ANDREWS (at pp. 375 and 376) said: " The interference of the Supreme Court with the details of municipal administration is not to be encouraged.   These details are intrusted by the people to officers chosen directly or indirectly by themselves. * * * The Supreme Court is not so organized as to enable it conveniently to assume a general supervisory power over their acts; and indeed such an assumption by it would be contrary to the whole spirit and intent of our government."

I hold that the excusing of children at the request of their parents for the period and purpose stated by a general regulation of the board of education of White Plains, was an act within the power of said board in the exercise of its judgment and discretion; that the determination of the board that such regulation comes within the provision permitting occasional absences not amounting to irregular attendance within the fair meaning of the term was not an abuse of its discretion in that regard; that the regulation was made in accordance with and not in violation of law; that the Commissioner in the exercise of his powers and in the discharge of his duties has no clear right or positive duty to act contrary in the premises, and that a discretionary power having been lawfully exercised, a mandamus order cannot issue to revoke or annul the action taken.

The application is denied, with fifty dollars costs.